**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN HOUSTON,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>COUNTY OF WASHINGTON,<br><br>   Defendant - Appellant,<br><br> and<br><br>JUAN ELENES and DAVIDSON GREAVES, individually,<br><br>   Defendants - Appellants,<br><br> and<br><br>MARK T. FOWLER, et al.,<br><br>   Defendants. | No. 08-35226<br><br>D.C. No. 06-CV-01123-BR (ST)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 22, 2010[]
Portland, Oregon

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

Defendants County of Washington, Deputy Juan Elenes, and Corporal Davidson Greaves appeal the district court's denial of their motions for summary judgment and motions for qualified immunity. Plaintiff Benjamin Houston alleged Fourth Amendment violations arising from a strip search while he was a detainee at the Washington County Jail. We review de novo, Bull v. City & County of San Francisco, 595 F.3d 964, 971 (9th Cir. 2010) (en banc), and we reverse.

Plaintiff was arrested, brought to the Washington County Jail, strip searched, and lodged in the jail for three days. The jail's policy of strip searching "all arrestees classified for custodial housing in the general population was facially reasonable under the Fourth Amendment, notwithstanding the lack of individualized reasonable suspicion as to the individuals searched." Id. at 982. The district court, which did not have the benefit of the our decision in Bull, therefore erred in granting summary judgment to Plaintiff.

For the same reason, the district court also erred when it denied qualified immunity to Defendants Elenes and Greaves. They are entitled to qualified

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

2

immunity because strip-searching an arrestee who is about to be lodged among the general population of a jail is not a constitutional violation, even if no individualized reasonable suspicion exists.  Id.

REVERSED.